UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SINGLETON, | No. C 06-6234 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

Anthony Singleton, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Singleton was convicted in Los Angeles County Superior Court of second degree murder and was sentenced in 1982 to 15 years to life in prison. His petition does not challenge his conviction but instead challenges a decision by the Board of Parole Hearings ("BPH") at a hearing on an unstated date that found him not suitable for parole. Singleton alleges that he filed habeas petitions in state courts before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Singleton's petition alleges two claims. First, he contends that his right to due process has been violated because his plea agreement has been breached. It appears that he is claiming that the refusal to parole him amounted to a breach of his plea agreement. The due process claim for a breach of the plea agreement is cognizable. See Santobello v. New York, 404 U.S. 257, 261-62 (1971) (defendant has a right to enforce terms of plea agreement). Second, he alleges that the continued use of his commitment offense as evidence to justify his continued incarceration is unfair. Liberally construed, this appears to be a claim for a due process violation based on the insufficiency of the evidence to support the parole denial. The claim is cognizable in habeas. See Board of Pardons v. Hill, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

**CONCLUSION**

For the foregoing reasons,

1. The petition's due process claims warrant a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2

3.      Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 30, 2007**.

5.      Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   December 15, 2006

_____
SUSAN ILLSTON
United States District Judge