UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SINGLETON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BEN CURRY, warden,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　/ | No. C 06-6234 SI (pr)<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND SETTING BRIEFING SCHEDULE** |

A.　Motion To Dismiss

　　Anthony Singleton, an inmate at the Correctional Training Facility in Soledad, filed a petition for writ of habeas corpus with regard to a decision to deny him parole. The court determined that the petition stated two due process claims: that the refusal to parole him breached his plea agreement, and that the evidence was insufficient to support the parole denial. See Order To Show Cause, p. 2. The court ordered respondent to show cause why the writ should not issue.

　　Respondent now moves to dismiss the petition, arguing that it is deficient in two respects. Respondent first contends that the petition failed to identify the particular parole decision Singleton is challenging. Respondent is correct that the petition is deficient in this respect. However, Singleton has now provided that information in his opposition to the motion to dismiss: he is challenging the denial of parole at the June 15, 2005 parole hearing. The court will deem the opposition brief to be an amendment to the petition to identify the June 15, 2005 parole decision as the one being challenged. Thus, respondent now knows what parole hearing is being challenged and dismissal with leave to amend is not necessary to correct this deficiency.

1    Respondent contends also that the claim regarding the plea agreement must be dismissed
2 as time-barred. Respondent notes that Singleton's petition does not specify the term that
3 allegedly was breached. Respondent argues that, if it is an alleged agreement to be released
4 when the minimum eligible parole date ("MEPD") arrived, that date came and went long ago (on
5 April 24, 1992) and it is too late to assert that claim.

6    Singleton opposes the motion and contends that the relevant date is the date of the BPH's
7 hearing, June 15, 2005, and that his petition was timely filed using that date. He does not dispute
8 respondent's assertion that the alleged breach was the failure to release him when his MEPD
9 arrived and he does not assert that his plea agreement in 1982 included a term that he would be
10 released in June 2005.

11    "A 1-year period of limitation shall apply to an application for a writ of habeas corpus
12 by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The
13 limitations period applies to Singleton's petition because he is in custody pursuant to a state
14 court judgment, even though he challenges an administrative decision rather than his conviction.
15 See Shelby v. Bartlett, 391 F.3d 1061, 1063-64 (9th Cir. 2004); White v. Lambert, 370 F.3d
16 1002, 1009-10 (9th Cir. 2004). There are four alternative starting dates under section 2244(d)(1),
17 and the one that is applicable here is the "date on which the factual predicate of the claim or
18 claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.
19 § 2244(d)(1)(D). See Shelby, 391 F.3d at 1066; Redd v. McGrath, 343 F.3d 1077 (9th Cir.
20 2003).

21    Here, the factual predicate for Singleton's claim is the state's failure to release him on
22 parole on his MEPD as allegedly required by the plea agreement. His MEPD was April 24,
23 1992. The breach of plea agreement claim is untimely under the statute of limitations because
24 it was not filed until about fourteen years after the factual predicate of the claim became known
25 to Singleton. See Redd, 343 F.3d at 1083 (date of the factual predicate is determined "by
26 inquiring when [the petitioner] could have learned of the factual basis for his claim through the
27 exercise of due diligence.") Even giving him the benefit of the one-year grace period for claims
28 that arose before the AEDPA was enacted in 1995 wouldn't help because Singleton still missed

2

1   the deadline by about a decade. And even if Singleton contends that the plea agreement called
2   for him to be released when he had served 15 years of his 15-to-life sentence, the fifteenth year
3   ended in 1997. His state habeas petition was not filed until about 8 years later and his federal
4   petition was not filed until about 9 years later. Even using that later starting date wouldn't help
5   Singleton, and his petition would still be barred by the statute of limitations.
6        Singleton's assertion that the one-year limitations period did not start until the parole
7   denial in June 2005 is incorrect. That is the starting date for the insufficient evidence claim but
8   not for the breach of plea agreement claim. Under his reasoning, a statute of limitations would
9   never bar a breach of contract kind of claim because one could simply demand further
10  performance on a long-breached contract that the other party had clearly shown he was not going
11  to perform and then file suit on it. But that is not the law. The limitations period clock starts
12  ticking when the breach occurs, and here that was when the allegedly agreed-upon date for
13  release arrived and Singleton remained in prison. Certainly if he thought the plea agreement
14  called for him to be released at his MEPD, he has known for 14 years that didn't happen.
15       The breach of contract claim is barred by the AEDPA statute of limitations.
16  Respondent's motion to dismiss that claim is GRANTED. (Docket # 3.)
17
18  B.    <u>Singleton's Request For Court To Make And Serve Copies Of His Filings</u>
19       Singleton's request for the court to photocopy his documents and serve them on
20  respondent is DENIED. (Docket # 5.) The requirement that a petitioner serve a copy on
21  respondent's counsel a copy of each and every document he files with the court is not optional.
22  If Singleton fails to comply with the requirement, the court will disregard any document he files
23  that has not been served on his opponent. If Singleton has inadequate access to a photocopier
24  to make a copy, he must handwrite or type a complete and accurate copy of the document and
25  send that to respondent's counsel. The court notes that Singleton attached to his opposition brief
26  a proof of service showing that it was sent to respondent's counsel, which undermines his
27  contention that he cannot provide copies. The court also notes that -- unless there is dispute
28  about whether a particular document was filed -- it is almost always a waste of paper for a

petitioner to attach to a filing copies of things that have already been filed in this action, as the court already has the document if it has been filed in the action.

C.   New Briefing Schedule On Petition

With the dismissal of the claim that the plea agreement was breached, there still remains to be litigated Singleton's claim that the evidence was insufficient to support the denial of parole at the June 15, 2005 hearing. The court now sets the following new briefing schedule on that claim:

1. Respondent must file and serve his answer no later than **May 25, 2007**.

2. Petitioner must file and serve his traverse no later than **June 29, 2007**.

IT IS SO ORDERED.

DATED: April 10, 2007

SUSAN ILLSTON
United States District Judge